UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-62121-BLOOM/White

GABRIEL SAMSON GASKINS,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.
                                        /

## ORDER ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon *pro se* Movant's Motion to Vacate Sentence, ECF No. [1], filed pursuant to 28 U.S.C. § 2255, which was previously referred to the Honorable Patrick A. White for a Report and Recommendation on any dispositive matters. *See* ECF No. [2]. On October 9, 2018, Judge White issued a Report and Recommendation (the "Report") recommending that this Motion to Vacate be dismissed as untimely. Moreover, the Report recommended that a certificate of appealability be denied and the case be closed. *See* ECF No. [4]. The Report advised Movant that "[o]bjections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report." *Id.* at 8. On October 29, 2018, with no objections having been filed, this Court adopted Judge White's Report. ECF No. [5]. On October 30, 2018, the Court received Movant's objections to the Report. ECF No. [7].[1]

---

[1] Pursuant to the prison "mailbox rule," the Movant timely filed his objections on October 3, 2018, which is the date he signed the document and purportedly delivered it to prison officials for mailing. *See Daker v. Comm'r, Georgia Dep't of Corr.*, 820 F.3d 1278, 1286 (11th Cir. 2016) ("Absent evidence to the contrary, we assume that [the prisoner's filing] was delivered to prison authorities the day he signed it." (internal quotations omitted)).

Judge White accurately set forth the timeliness requirement for filing a motion to vacate under § 2255. The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a limitation for a motion to vacate. Pursuant to 28 U.S.C. §2255(f), as amended April 24, 1996, a one year period of limitations applies to a motion under the section. The one year period runs from the latest of:

> (1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;
>
> (3) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. §2255(f); *see also*, *Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

Here the movant's conviction became final on June 15, 2017, when the Supreme Court denied certiorari review. Thus, the movant was required to file this Motion to Vacate within one year from the time the judgment became final, or no later than June 15, 2018. *See Griffith v. Kentucky*, 479 U.S. 314, 321, n.6 (1986).

Movant's Motion to Vacate is signed and dated April 22, 2018. *See* ECF No. [1] at 22. As Movant identifies in his objections, the Motion to Vacate is stamped twice by the Clerk of the United States District Court for the Southern District of Florida, first on April 30, 2018 and again on September 10, 2018. *Id.* at 1. The Motion is also stamped as received by prison officials on September 4, 2018. *Id.* at 24.

A judge may dismiss a § 2255 Motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Courts. The Report concluded that is apparent that Movant's Motion is untimely because it should be deemed filed on September 4, 2018, the date prison officials stamped it as received. Judge White reasoned that Movant is not entitled to the mailbox rule because he has failed to meet the requirements of Rule 3(d) of the Rules Governing Section 2255. Namely, the Motion to Vacate was not signed under oath, it does not state that the motion was provided to prison officials on the date it was signed, and it does not state that first class postage was prepaid. Therefore, the motion was deemed filed on September 4, 2018, outside of the one-year limitations period.

The Movant objects to the Report on the grounds that Movant filed the Motion to Vacate on April 22, 2018, within the limitations period. Movant contends that he delivered the Motion to Vacate to prison officials on April 22, 2018 — the same date he signed the motion. Thereafter the Clerk of Court stamped it as received on April 30, 2018. The Motion was returned to Movant in September 2018 with a notation from the Clerk of Court that the Motion lacked a case number.

This Court finds that Movant's objection has merit. At this stage, it does not "plainly appear[] from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief" on account of the motion being filed untimely. The Court cannot determine that the Motion was not properly filed when the Clerk received it and stamped

it on April 30, 2018. Because the Movant had until June 15, 2018, to file the Motion to Vacate, the Court cannot dismiss the Motion to Vacate as untimely filed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Court's Order Adopting Magistrate Judge's Report and Recommendation, **ECF No. [5]**, is **VACATED**;

2. Magistrate Judge White's Report, **ECF No. [4]**, is **NOT ADOPTED;**

3. Movant's Objections, **ECF No. [7]**, are **SUSTAINED;**

4. This matter is referred to Magistrate Judge White for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters.

**DONE AND ORDERED** in Miami, Florida, this 2nd day of November, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

The Honorable Patrick A. White

Counsel of Record

Gabriel Samson Gaskins
08193-104
Estill
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 699
Estill, SC 29918